

**Decided June 8, 1989**

IN THE SUPERIOR COURT
OF THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

BANK OF HAWAII,                    )    CIVIL ACTION NO. 87-439
                                   )
            Plaintiff,             )
                                   )
        vs.                        )         ORDER GRANTING
                                   )         SUMMARY JUDGMENT
ANTONIO L. TEREGEYO,               )
                                   )
            Defendant.             )
_____)

Defendant Antonio L. Teregeyo has moved for summary judgment in this action contending that plaintiff Bank of Hawaii's failure to give defendant notice of the proposed sale of the vehicle repossessed from defendant bars a deficiency judgment.

## THE TERSE TALE OF A TOYOTA

The parties have stipulated to the following facts:

In 1982 defendant bought a 1982 Toyota pickup (the vehicle) for personal use. In 1984 defendant refinanced the vehicle, executing a note in favor of plaintiff giving plaintiff a security interest in the vehicle. Thereafter, defendant failed to make some loan payments due under the note and plaintiff repossessed the vehicle. On January 3, 1986 plaintiff sold the vehicle. Defendant received no notice of

877

this sale, nor did defendant waive any right to notice of the sale, nor did defendant have any knowledge of the sale.

## SUMMARY JUDGMENT STANDARD - IS IT MET?

A summary judgment may be granted only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Com.R.Civ.Pro. Rule 56; <u>Anderson v. Liberty Lobby, Inc.</u>, 106 S.Ct. 2050, 2510, 91 L.Ed.2d 202 (1986). To withstand a motion for summary judgment, the non-moving party must show that there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party. <u>Id</u>. at 2511.

With the stipulation of facts, there is no genuine issue of fact preventing this court from confronting the issue presented by the parties.

## THE REPOSSESSION AND SALE OF
## THE TOYOTA - CAN THE DEBTOR ASK FOR ANYTHING MORE?

The sole issue before the court is whether plaintiff's failure to notify defendant of the sale of the vehicle after repossession precludes a deficiency judgment.

The statute governing this matter is 5 CMC § 9504(3) which reads, in pertinent part, as follows:

> (3) Disposition of the collateral may be by public or private proceedings and may be made by way of one or more contracts. Sale or other disposition may be as a unit or in parcels and at any time and place and on any terms but every aspect of the disposition including the method, manner,

**878**

time, place and terms must be commercially reasonable. Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor, if he has not signed after default a statement renouncing or modifying his right to notification of sale.... (emphasis added).

The majority rule is that if a creditor fails to give the statutory notice in a foreclosure of personal property secured interest, no deficiency is allowed. Economic Development Loan Fund v. Arriola, 2 CR 212, 216 (DC App.Div. 1985); Nixdorf Computer, Inc. v. Jet Forwarding, Inc., 579 F.2d 1175, 1179 (9th Cir. 1978); also see, "Disposition of Collateral - Required Notice", 59 ALR3d 401.

The minority rule is referred as "the rebuttable presumption rule." Simply put, the application of this rule places the burden on the creditor to demonstrate the sale without notice to the debtor after repossession of the chattel was commercially reasonable.

There are obvious reasons for a bright line rule barring deficiencies where the debtor is not given notice. Initially, notice gives the debtor a time frame during which he may redeem the property pursuant to 5 CMC § 9506. This section provides the debtor with the right to redeem property, with certain exceptions not present here, "[a]t any time before the secured party has disposed of the collateral or entered into a

**879**

contract for its disposition under Section 9504...." Without notice of the intended sale by the creditor, the debtor's opportunity to exercise his right to redemption is severely limited.

Secondly, the secured creditor may lack the incentive to obtain the highest possible price for the property due to the continued availability of a deficiency judgment. This potential lack of incentive could prejudice the debtor in the form of a greater deficiency. Additionally, the debtor should not be precluded from attempting to alert potential buyers, in the hope that their presence at the sale will insure that the property is sold at a competitive price.

Finally, the requirements of 5 CMC § 9504(3) are very easy to comply with. All plaintiff had to do was to mail a letter to defendant informing him of the sale. Balancing the extremely minimal burden on the creditor against the very onerous results which may flow to the debtor, it is clear that a rule barring deficiency when no notice was given is appropriate.

Were the court to adopt the rebuttable presumption rule, this case points out the impracticability as well as the apparent unfairness of applying the rule. The sale of Mr. Teregeyo's vehicle occurred over three years ago. Even though the Bank technically has the burden of showing the sale was commercially reasonable, this burden does not appear to be onerous since the sale was managed and conducted by its own employees and agents. The defendant, in mounting a defense,

880

has little or no independent sources of information to rebut the creditor's testimony because the sale occurred years previously and he was given no notice nor opportunity to monitor the sale.

Plaintiff argues that notice is not an absolute requirement under 5 CMC § 9504(3); rather, it is only one fact in determining if the sale of the property was "commercially reasonable." Yet the factors which may be used to determine if the sale was commercially reasonable are, by and large, unknown to the debtor who has received no notice. Although the price the property was sold for would be easy to discover, the debtor would be precluded from ascertaining such important facts as the condition of the property at the sale, the number of potential buyers present, and the conditions of the sale. Although it may be true, as plaintiff contends, that the notice provision in 5 CMC § 9504(3) is inspired by the "forelorn hope" that the debtor may be able to redeem the property, notice is essential to a debtor's ability to present any meaningful rebuttal to the creditor's assertation that a sale was commercially reasonable.

It should also be noted that the provision in 5 CMC § 9504(3) is mandatory. Rather than being set forth as a mere element of commercial reasonableness, notice "shall be sent by the secured party to the debtor...." Use of the word "shall" connotes a mandatory intent. <u>Sierra Club v. Train</u>, 557 F.2d 485, 489 (5th Cir. 1977); <u>Williamsport Sanitary Authority v.</u>

**881**

Train, 464 F.Supp. 768, 772 (D.C. Pa. 1979). In this case, the vehicle was not perishable or prone to a speedy decline in value, nor did plaintiff ever renounce or modify his "right" to notification of sale. Therefore, defendant did not comply with the mandatory notice provisions in the statute and must be barred from deficiency.

Plaintiff asserts that this court should not consider itself bound by EDLF v. Arriola, supra, 2 CR 212, because that case was decided prior to the Commonwealth's adoption of the Uniform Commercial Code. In Arriola the court found the creditor absolutely barred from a deficiency where it did not comply with the very strict notice provisions of 57 TTC § 51. Plaintiff now argues that, because the notice requirements of 5 CMC § 9504 are less restrictive than those contained in 57 TTC § 51, there is less rationale for an absolute bar to deficiency where no notice was given. 57 TTC § 51 required personal service on the debtor whereas 5 CMC § 9504(3) only requires service by mail. Since it is now much easier to give a debtor notice of sale, the reasons given in Arriola for an absolute bar are even more persuasive here as there are now fewer "hoops" for the creditor to jump through. A simple letter to the debtor prior to sale is all it takes to satisfy a debtor's mandatory right to notice under the statute.

## THE TOUR IN THE TOYOTA IS TERMINATED

Based on the foregoing, plaintiff's failure to send the mandatory notice required by 5 CMC § 9504(3) prior to selling

**882**

defendant's vehicle operates as an absolute bar to a deficiency judgment. Therefore, defendant's motion for summary judgment is hereby GRANTED.

Dated at Saipan, MP, this ____8 7th____ day of June, 1989.

_____
Robert A. Hefner, Presiding Judge